**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRANDO MAXIMILIANO DE JESUS PEREZ PEÑA,

Petitioner

v.

TODD BLANCHE, et al.,

Defendants

Case No.: 2:26-cv-02535-APG-DJA

**Order (1) for the Government to Return Petitioner to This District and (2) Setting Briefing Schedule**

I previously prohibited the respondents from transferring Brando Maximiliano De Jesus Perez Peña out of this District except to effectuate his lawful deportation. ECF No. 3 at 3. The respondents have apparently transported Perez Peña to Louisiana. ECF No. 10 at 1. An immigration judge ordered Perez removed to Guatemala on September 2, 2026. ECF No. 9 at 5. Because the time to appeal that order has not run, the removal order is not final. Further, Perez Peña contends he timely filed an appeal of his deportation order, so his deportation order is not final and any deportation at this time would not be lawful. ECF No. 10 at 2. Thus, he moves for an order requiring the respondents to return him to this District.

To preserve the status quo while I decide Perez Peña's habeas corpus petition, I order that the government cannot deport him until I find that there is a final order of removal and the government must return him to this District in compliance with my order that he not be moved from this District except to effectuate his lawful deportation.

I also order the federal respondents to explain why Perez Peña was moved out of the District despite my order. I previously ordered that the government "must not transfer [Perez] out of this District, with the exception of effectuating his lawful deportation." ECF No. 3. at 3.

Perez Peña contends that the removal order is not final because the immigration judge ordered him removable less than 30 days ago and he appealed his removal order, so removing him at this time is not lawful. At present, it appears that removal is not lawful because there is not a final order of removal. Under 8 U.S.C. § 1231(a)(1), the 90-day removal period for a noncitizen "begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (quoting § 1231(a)(1)(B)). Because the removal order is not administratively final, the removal order is not final.

I grant Perez Peña's emergency motion and order the government not to deport him until I determine that there is a final order of removal. And because the government moved Perez Peña in violation of my order, I order the government to return him to this District. Finally, because it appears that the government violated my order, I direct it to explain its conduct.

I THEREFORE ORDER that petitioner Brando Maximiliano De Jesus Perez Peña's emergency motion **(ECF No. 10) is GRANTED**.

I FURTHER ORDER that the respondents may not deport petitioner Brando Maximiliano De Jesus Perez Peña until I determine there is a final order of removal.

I FURTHER ORDER the respondents to return petitioner Brando Maximiliano De Jesus Perez Peña to this District by September 21, 2026.

/ / / /

/ / / /

/ / / /

/ / / /

I FURTHER ORDER that by September 28, 2026, the federal respondents (i.e., all except John Mattos) must explain how the transfer of petitioner Brando Maximiliano De Jesus Perez Peña out of this District was not a violation of my order (ECF No. 3).

DATED this 16th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE