**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRANDO MAXIMILIANO DE JESUS PEREZ PEÑA,

Petitioner

v.

TODD BLANCHE, et al.,

Respondents

Case No.: 2:26-cv-02535-APG-DJA

**Order Denying First Amended Petition for Writ of Habeas Corpus**

**[ECF No. 9]**

Brando Maximiliano De Jesus Perez Peña is a citizen of Guatemala who is currently being detained by Immigration and Customs Enforcement (ICE). In October 2023, Perez Peña entered the United States without inspection in Texas, and the United States Border Patrol arrested him for illegal entry. ECF No. 9-1 at 3. ICE served him with a Notice to Appear and released him on his own recognizance with an I-220A the same month. *Id.* at 3, 5.

In October 2025, Perez Peña was arrested by Nevada law enforcement officers for multiple felony and misdemeanor offenses, including possession of stolen property, mail theft, and possession of a controlled substance. *Id.* at 3–4. ICE served him with a Warrant for Arrest of Alien two months later. *Id.* at 8. In March 2026, Perez Peña was convicted of possession of stolen property and mail theft as result of his plea bargain and he was sentenced on May 19, 2026. ECF Nos. 9-1 at 4; 13-4 at 2–4.

The next day, Perez Peña was transferred from the custody of the State of Nevada to ICE custody, where he has remained detained since. ECF No. 9-1 at 4.[1] The Department of

[1] The parties dispute whether Perez Peña was detained by ICE in May or June of 2026. ECF Nos. 13 at 6; 14 at 16. His I-213 indicated that he was in ICE custody as of May 20. ECF No. 9-1 at 4. I therefore accept that as the correct date.

Homeland Security (DHS) charged him as removable under Immigration and Nationality Act § 212(a)(7)(A)(i)(I). ECF No. 9-1 at 4.

On September 2, 2026, an immigration judge (IJ) ordered Perez Peña's removal. ECF No. 13-2 at 2. The removal order indicates that Perez Peña waived his appeal rights to the Board of Immigration Appeals (BIA) and that an appeal was due by October 2, 2026. *Id.* at 3. ICE then transported Perez Peña out of this District. ECF Nos. 10 at 1–2; 13 at 6. Perez Peña subsequently filed an emergency motion seeking relief from the transfer. ECF No. 10.

On September 16, I ordered the respondents to return Perez Peña to this District and stayed his removal because the removal order was not yet final and any deportation at that time would not be lawful. ECF No. 12 at 1–2. I further ordered the federal respondents to explain why Perez Peña's transfer did not violate my prior order prohibiting the same. ECF Nos. 3; 12. On September 28, the respondents represented that ICE "processed [Perez Peña] as if he was subject to a final order of removal" in reliance on his "waiver of appeal." ECF No. 15 at 2. The respondents also stated that the BIA had not yet received the petitioner's notice of appeal as of September 25. [2] *Id.*

Perez Peña filed a petition for a writ of habeas corpus in August 2026 and his amended petition in September. ECF Nos. 4; 9. He first argues that he is detained under 8 U.S.C. § 1226(a), not § 1226(c), because he was not convicted of crimes that constitute theft crimes for purposes of the Laken Riley Act. ECF No. 9 at 2, 11–16. He thus reasons that the respondents

---

[2] A search of the government's Automated Case Information System reflects that at some point the BIA received Perez Peña's timely appeal, dated September 16, 2026. *See* EOIR Automated Case Info, EXEC. OFF. FOR IMMGR. REV., https://acis.eoir.justice.gov/en/caseInformation (last visited November 19, 2026). I may take judicial notice of this public record. *See, e.g., Harris v. County of Orange,* 682 F.3d 1126, 1132–32 (9th Cir. 2012) (a federal court may take judicial notice of matters of public record that are undisputed).

violated his due process rights by failing to provide him with a bond hearing or any pre-deprivation process. *Id.* at 2. Second, he argues that even if he is properly detained under 8 U.S.C. § 1226(c), "his detention beyond 90 days without any individualized procedure still violates due process." *Id.*

The respondents address the merits of the Perez Peña's claim but urge me to deny his petition on grounds that Perez Peña has not exhausted his administrative remedies. ECF No. 13 at 8. Perez Peña responds that "[e]xhaustion is not required" and that prudential exhaustion should be waived because he "faces irreparable harm with each passing day" due to his unlawful detainment and that an "administrative appeal is not available" because an IJ would likely determine he or she lacks jurisdiction to hold a bond hearing. ECF No. 14 at 4, 7.

## I. ANALYSIS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, my habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). I possess "equitable discretion . . . . as law and justice require" for remedying detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

The Ninth Circuit has held that, in the absence of a statute explicitly requiring exhaustion of available administrative remedies, courts may require prudential exhaustion after weighing

certain factors. Those factors are whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quotation omitted). I "will not hear claims that have not been presented to the BIA simply because they have been labelled constitutional questions; [but I] will not require a petitioner to engage in the futile exercise of making a motion to reopen when the BIA lacks the jurisdiction to entertain the claim." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). I may also waive exhaustion if the petitioner demonstrates that the "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation omitted).

Perez Peña has not shown that an appeal to the BIA would be futile or result in irreparable harm. And the *Puga* factors weigh in favor of requiring Perez Peña to exhaust his administrative remedies by requesting a bond hearing before an IJ and, if denied, by filing an appeal to the BIA to contest his detainment under 8 U.S.C. § 1226(c). Under the first factor, "an administrative appellate record is not necessary to resolve [ ] purely legal questions." *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017). Whether Perez Peña's convictions for possession of stolen property and mail theft constitute theft crimes for purposes of the Laken Riley Act are purely legal questions. *See* Nevada Revised Statutes (NRS) §§ 205.275, 205.975, 195.020. Thus, this factor weighs against requiring prudential exhaustion.

The remaining two factors weigh strongly in favor of requiring Perez Peña to exhaust his administrative remedies. I "generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives [me] of the benefit of the agency's expertise[.]" *Ontiveros-Lopez v. Immigr. & Naturalization Serv.*, 213 F.3d 1121, 1124 (9th Cir. 2000). As noted above, Perez Peña has not represented that he requested a bond hearing or a *Joseph* hearing before an IJ, and thus the agency has not had the opportunity to remedy its classification mistake if one occurred.[3] *See Matter of Joseph,* 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999); 8 C.F.R. § 1003.19(h)(2)(ii) ("[W]ith respect to paragraphs (h)(2)(i)(D) . . ., nothing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within [that] paragraph[ ]." (simplified)). Perez Peña's argument that administrative review would be futile because an "IJ will likely believe they lack jurisdiction to hold a bond hearing given [his] convictions" is unpersuasive because he fails to explain why the BIA could not evaluate the propriety of his detention under the Laken Riley Act and, if appropriate, issue a remedy. ECF No. 14 at 6; *see* 8 C.F.R. § 236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed to the [BIA.]"). Additionally, as Perez Peña's pre-deprivation claims derive from DHS's regulatory procedures applicable to noncitizens detained under § 1226(a), an administrative decision could also resolve these claims. Relaxation of the exhaustion requirement would thus "encourage others to seek habeas review if they consider the federal

[3] *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (explaining that a *Joseph* hearing is "provided to a detainee who claims that he is not covered by § 1226(c)" and "[a]t the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [DHS] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention").

courts to be a more sympathetic forum than the BIA." *See Castillo v. Blanche*, No. 2:26-cv-00928-APG-BNW, 2026 WL 2071063, at *2 (D. Nev. July 17, 2026).

Perez Peña has not otherwise demonstrated that an appeal to the BIA will be "inadequate or unavailing" because of futility or irreparable harm due to some "case-specific barrier to obtaining meaningful review." *See Pedro M.T.M. v. Chestnut*, No. 1:26-cv-06281-MWJS, 2026 WL 2524292, at *2 (E.D. Cal. Aug. 26, 2026). I will not waive exhaustion where, as here, "the petitioner argues irreparable harm based only on an assumption that their detention is unlawful because that argument would apply to any petitioner who believed an IJ made a legally erroneous ruling at a bond hearing." *See Castillo*, 2026 WL 2071063, at *3 (citing *Pleitez Castillo v. Mullin*, No. 2:26-cv-00777-APG-BNW, 2026 WL 1972424, at *7 (D. Nev. July 8, 2026)). Perez Peña argues that the backlog of appeals before the BIA "exacerbates" the irreparable harm he suffers from unlawful detainment because this backlog could result in him "wait[ing] six months or longer, unlawfully detained." ECF No. 14 at 8–9 (citing *Miranda v. Hernandez*, No. 2:26-cv-0906-JNW, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026) (determining a noncitizen detained under § 1226(a) who had been in ICE custody for about seven months would suffer irreparable harm if he was required to wait "six months or more for BIA review" (simplified)). This argument is unpersuasive. Perez Peña fails to acknowledge that he has been detained for approximately four months, and the Supreme Court has repeatedly characterized periods of detainment for six months or less as reasonable. *See Demore v. Kim,* 538 U.S. 510, 531 (2003) (assessing a noncitizen's detainment under § 1226(c)); *Zadvydas*, 533 U.S. at 701 (assessing a noncitizen's detainment under § 1231(a)(6)). I therefore conclude that waiver of prudential exhaustion is not warranted.

/ / / /

## II. CONCLUSION

I THEREFORE ORDER that petitioner Brando Maximiliano De Jesus Perez Peña's amended petition for Writ of Habeas Corpus **(ECF No. 9) is DENIED**.

I FURTHER ORDER that, based on the federal respondents' response to my order (ECF No. 12), they did not violate my prior order about transporting Perez Pena out of the District.

I FURTHER ORDER the clerk of court to correct the spelling of the petitioner's last name from Penda to Peña and to close this case.

DATED this 23rd day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE